Donald LOVE, Appellant,

v.

Geneva Nell LOVE, Appellee.

No. 4948.

Court of Civil Appeals of Texas, Waco.

Dec. 17, 1970.

Rehearing Denied Jan. 7, 1971.

Harvey L. Davis, Lancaster Smith, Dallas, for appellant.

Harless, Fagg & Cravens, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment denying change of custody of an eleven months old child.

Appellant Donald Love and appellee Geneva Nell Love, were divorced December 8, 1969 in Dallas County. The judgment in such case awarded custody of the parties minor child, Torbet (born May 11, 1969), to appellee mother.

Appellant father filed this case on February 10, 1970 alleging change of circumstances and conditions since the decree of divorce, and prayed that custody of the child be awarded to him.

Trial was before the court without a jury, which after hearing rendered judgment denying change of custody.

The trial court filed Findings and Conclusions summarized as follows:

## FINDINGS OF FACT

1) Geneva Nell Love was granted a divorce from Donald Love on December 8, 1969, and was awarded custody of Torbet Love, minor child of the parties.

2) Since the divorce Geneva Nell Love has provided a suitable and proper home for the minor child.

3) Geneva Nell Love is a suitable and proper person to have custody of Torbet Love.

4) Torbet Love has not been subjected to an atmosphere of immorality or illegality.

5) Torbet Love is a normal, happy, healthy and well adjusted baby.

6) Geneva Nell Love has love and affection for her child, Torbet Love.

7) There has not been a material change in circumstances and conditions since

the judgment on December 8, 1969, that would adversely affect the welfare and best interest of Torbet Love.

## CONCLUSIONS OF LAW

1) There has not been a material change of circumstances or conditions since the judgment on December 8, 1969, that would adversely affect the welfare and best interests of the minor child.

2) Geneva Nell Love is a suitable and proper person to have custody.

Appellant appeals on 7 points asserting:

1) The trial court erred in denying change of custody because the uncontradicted evidence shows appellee is a sociopath and mentally unfit to have custody.

2) The trial court erred in excluding certain pre-divorce evidence of the unfitness of appellee to have custody.

3) The trial court's findings 2, 3, 4, and 7, are so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant and appellee married in 1965. Appellee had been married twice before and had two children by a previous husband. Appellee had health or mental problems and was treated by a psychiatrist in 1962 and 1966. The two doctors who treated appellee have not seen her since 1966. One of the doctors testified appellee's condition was untreatable. The other testified he did not know if the condition existed at time of trial. Appellant knew of appellee's health problems and condition as early as 1966. She had a condition known as inadequate personality, or sociopathic condition. The minor child here involved was born on May 11, 1969. Appellant and appellee separated on October 6, 1969 and appellee took the child to Portland, Oregon. The parties were granted divorce on December 8, 1969, such decree awarding appellee the minor child, with visitation privileges for the appellant, and further provision for a 30 day visitation period each summer and winter for appellant. On January 7, 1970 appellant flew to Portland and persuaded appellee to permit him to take the child for the winter 30 day visitation. Appellant took the child to Dallas, and at the end of the 30 day period refused to return the child to appellee. Appellee came to Dallas and tried to get the child from appellant. Appellant refused to give up the child. Appellee secured a court order giving her mother temporary custody of the child.

On February 10, 1970 appellant filed this suit seeking to change custody of the minor child from appellee to himself.

There is evidence that appellee is a good mother; loved her child; keeps a clean apartment; that the child was in good health while with the mother. Appellee receives $150. per month child support from appellant under the divorce decree; receives $400. per month (until she receives $48,000.) under their property settlement; is working; has provided a proper home for the minor; and is a suitable person to have custody.

A final judgment in a custody proceeding is res judicata of the best interests of a minor child as to conditions then existing. Knowles v. Grimes, S.Ct., 437 S.W.2d 816; Ogletree v. Crates, S.Ct., 363 S.W.2d 431; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787.

There must be a showing of materially changed conditions to authorize a change of custody. Mumma v. Aguirre, S.Ct., 364 S.W.2d 220; Short v. Short, 163 Tex. 287, 354 S.W.2d 933. As a matter of public policy, there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions the disturbing influence of re-litigation should be discouraged. Mumma v. Aguirre, Ogletree v. Crates, Knowles v. Grimes, supra.

There is no testimony in this record of a material change of conditions affecting these parties and their custody of the child between December 12, 1969 and January 7, 1970, or February 10, 1970. See Bukovich v. Bukovich, S.Ct., 399 S.W.2d 528; Meucci v. Meucci, S.Ct., 457 S.W.2d 48.

All appellant's points and contentions are overruled.

Affirmed.