Laura Ann BUSH et vir., Appellants,

v.

Edward Jefferson COOLEY et ux., Appellees.

No. 5809.

Court of Civil Appeals of Texas, Waco.

Jan. 26, 1978.
Rehearing Denied Feb. 23, 1978.

Charles M. McDonald, Clark, Fisher, Gorin, McDonald & Ragland, Waco, for appellants.

Raymond T. Palladino, Waco, for appellees.

OPINION

JAMES, Justice.

This is a child custody case. This litigation began on March 19, 1976, when Appellant Laura Ann Bush (then Laura Ann Cooley), the natural mother of the two children

involved, filed a petition for divorce against David Edward Cooley, the natural father of said children. By her petition Appellant sought full custody of the parties' minor children to wit, David Edward Cooley, Jr., a boy then 13 years of age, and Laurie Lee Cooley, a girl then 11 years of age.

Upon trial had on or about June 3, 1976, a decree of divorce was granted to Appellant and a division of the property belonging to the parties was made, none of which is now in issue or part of this appeal. In addition, the trial court found that it was to the best interest of the two children that their paternal grandparents, (Appellees herein) Edward Jefferson Cooley and wife Lillie Inez Cooley, of Route 1, Hawley, Texas, (near Anson, Texas) be appointed managing conservators, and the court so ordered. Further, the trial court designated the children's mother and father as possessory conservators and granted them visitations of and with said children at reasonable times and places. Then the trial court further provided that the managing and possessory conservatorships would be reviewed on August 6, 1976, at 2 P.M., and again reviewed on June 3, 1977, at 2 P.M.

At the August 1976 hearing, the trial court continued the custody of the children in Appellees, the paternal grandparents, but granted the Appellant mother specific visitation with her children on every other weekend "from 10 o'clock A.M. on Saturday until 5 o'clock P.M. on Sunday, with twenty-four (24) hours advance notice of intent to exercise visitation. If twenty-four (24) hours advance notice is not given then it will be assumed that the party does not wish to exercise visitation at the time designated."

At the final custody hearing on June 9, 1977, the father, David Edward Cooley, made no appearance, but the Appellants (the mother Laura Ann Bush and her then husband B. J. Bush) and Appellees, (the paternal grandparents) appeared and the matter proceeded to trial, after which the judgment appealed from was entered. Such judgment awarded the managing conservatorship of the two children to Appel-

lees, and fixed the Appellant mother's visitation rights as a possessory conservator as follows:

"Every other weekend from 10 o'clock A.M. on Saturday until 5 o'clock P.M. on Sunday. Laura Bush (Appellant) must give notice in writing, delivered certified mail, return receipt requested, of her desire to exercise visitation, and that notice is to be received by the Cooleys on or before the Tuesday prior to the Saturday in which visitation is to be exercised. The children, at the times prescribed above, are to be delivered to the Jones County Sheriff's Office in Anson, Texas, at which time they will be delivered to Laura Ann Bush. Except however, if Laura Ann Bush or anyone in her company have been consuming alcoholic beverages, then the Cooleys shall have the right to refuse to permit the children to leave their custody and refuse visitation to Laura Ann Bush. The children are to be returned at the times prescribed above by bringing said children to the Jones County Sheriff's Office for delivery to the Cooleys. If Laura Ann Bush fails to give notice of her desire to visit with the children as conditioned above, then it will be assumed that Laura Ann Bush does not wish to exercise visitation as designated. This is in addition to all other rights and privileges as the parties may agree to."

Appellant Laura Ann Bush, the natural mother, appeals from the trial court's order hereinabove quoted from, as entered pursuant to the June 1977 hearing, on seven points of error. Such points assert there is no evidence, and insufficient evidence to support a finding by the trial court that it would not be in the best interest of the children for their custody to be placed in their mother, that the trial court abused its discretion in denying Appellant as mother the custody of the children, and that Appellees failed to overcome the presumption that the best interest of the children would be served by awarding their custody to Appellant. Moreover, Appellant contends the order amounts to a denial to Appellant of her rights to visit her children, that the order is unreasonable, unworkable, and an

unlawful delegation of the trial court's authority to fix Appellant's visitation rights. We overrule all of Appellant's points and contentions and affirm the trial court's judgment.

Article 14.01(b), Texas Family Code, in its pertinent parts provides:

"A parent shall be appointed managing conservator of the child unless the court finds that appointment of the parent would not be in the best interest of the child."

Article 14.07(a), Texas Family Code, in its pertinent parts, provides:

"The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child."

Article 14.08, Texas Family Code, dealing with modification of orders, subsection (c) in its pertinent parts provides:

"(c) After a hearing, the court may modify an order or portion of a decree that:

"(1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child; or

"(2) provides for the support of a child, sets the terms and conditions for access to or possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree;—."

As stated, Appellees, the paternal grandparents were appointed managing conservators by the court at the time the divorce was granted on June 7, 1976, and at or about that time the children went to live with Appellees. Thereafter in August 1976, after a second hearing wherein the custody and visitation matters were reviewed, the trial court continued to vest the managing conservatorship in Appellees, with specified visitation privileges awarded to Appellant. Then after the hearing held in June 1977, the trial court for the third time reviewed the custody and visitation matters and decided that the best interest of the children demanded that their principal custody be vested in Appellees, with visitation rights being awarded to Appellant similar to that of the second hearing, with a tightening of conditions thereupon. In summary, the children have been in the home and under the managing conservatorship of Appellees since June 1976, and the problem before us is whether the trial court abused its discretion in modifying and changing the order theretofore made by said court of August 1976. Paraphrasing the statute, Article 14.-08(c)(1), the trial court in deciding whether to change the principal custody from Appellees to Appellant, was confronted with this question: "Have the circumstances so materially and substantially changed since the entry of the order to be modified (of August 1976) that the retention of the Appellees as managing conservators would be injurious to the welfare of the children and the appointment of Appellant as the new managing conservator would be a positive improvement for the children?" We are of the opinion and hold that the trial court did not abuse its discretion in making the order appealed from.

As we understand Appellant's contention in her first four points of error, she asserts the burden of proof was upon Appellees to prove that it was not in the best interest of the children for them to be placed in Appellant's custody, in order to enable the court to make Appellees the managing conservators, since Appellees were not natural parents of the children. We do not agree.

The presumption is that the best interest of the children will be served by awarding them to the natural parent, but this is a rebuttable presumption, and here it is not necessary that Appellees (as third parties) prove that the natural parent is disqualified by immorality or misfortune. *Dunn v. Jackson* (Com.App. 1921) 231 S.W. 351, ap-

proved; *Taylor v. Taylor* (Waco Tex.Civ. App. 1931) 42 S.W.2d 455, no writ; *Ham v. Cavette* (Houston 1st Tex.Civ.App. 1962) 357 S.W.2d 438, NRE.

The trial court is afforded a wide discretion in child custody cases, and its judgment will not be disturbed on appeal unless a clear abuse of discretion is shown. *Ex Parte Eaton* (1952) 151 Tex. 581, 252 S.W.2d 557; *Taylor v. Meek* (1955) 154 Tex. 305, 276 S.W.2d 787; *Herrera v. Herrera* (Tex. 1966) 409 S.W.2d 395, 396; *Renfro v. Renfro* (Waco Tex.Civ.App. 1973) 497 S.W.2d 807, no writ; *Gibson v. Hines* (Waco Tex. Civ.App. 1974) 511 S.W.2d 546, no writ; *Adams v. Adams* (El Paso Tex.Civ.App. 1975) 519 S.W.2d 502, no writ.

Here the Appellant is asserting as error the refusal of the trial court to change the principal custody from Appellees to her. Because a change of custody disrupts the children's living arrangements and the channels of the affections of the children, a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the children. See *Taylor v. Meek* (1955) 154 Tex. 305, 276 S.W.2d 787, and the cases therein cited at page 790.

In the case at bar, there is a lot of conflicting evidence; however, these salient facts appear from the record as a whole: Appellees the Cooleys own about 600 acres of land upon which they reside in Jones County at Route 1, Hawley, Texas. Mr. Cooley is 68 years old and Mrs. Cooley is 64 years old, and both appear to be in good health. Mr. Cooley farms about 1000 acres, and the boy when not in school helps his grandfather with plowing and other farm work. The Cooleys have a comfortable spacious farm home where the boy and the girl each has a private bedroom. Both children are doing passable work in school and take part in normal teenage school activities. Both children are well-adjusted, although they do enjoy being with and seeing their mother. Their father lives in the vicinity of Appellees' home. When the boy was asked where he preferred to be, he testified: "Well, if I could see mom anytime I wanted to I'd like to stay out at Abilene (with Appellees) but I don't know." When the girl was interviewed by the trial court in chambers and was asked her preference she testified: "Well, I would like to stay with my grandparents but I want to have visitation with my mom."

Shortly after the June 1976 hearing wherein the parents were divorced, Appellant Laura Ann Cooley married B. J. Bush, and shortly thereafter Mr. and Mrs. Bush moved to Big Spring, Texas, about 100 miles from Appellees' home. While living there the Bushes operated a lounge or bar where alcoholic beverages and some food were served. The testimony showed that on some of the visits by the children with the Bushes, that the children spent some of their time at the lounge, and that the boy drank some beer on at least one occasion.

After Mrs. Bush was granted visitations on alternate weekends by the August 1976 order, she made trips to Appellees' home every (alternate) weekend in which she was permitted to have the children; however, there was testimony that she was oftentimes late, and would come after 10 o'clock A.M. on Saturday sometimes as late as 4 or 5 o'clock P.M. Appellees testified that they were inconvenienced by Appellant's unpredictable arrivals. There was also testimony that on some occasions in which she had come for the children that she had done so after she had consumed alcoholic beverages, and on one occasion Mr. Bush created a disturbance in Appellees' home.

In the early part of 1977, the Bushes moved to Waco, Texas, and at the time of the third hearing they were living in a rented two-bedroom apartment. At the time of trial, Appellant was pregnant and was momentarily expecting the arrival of a child. The Bushes proposed that if Appellant was awarded managing conservatorship, that they would give the boy and girl each a bedroom, and Mr. and Mrs. Bush would sleep in a type of rollaway bed in the other living quarters of the apartment.

Taking the record as a whole the trial court was justified in believing that the best interest of the children required that

Appellees be kept on as managing conservators, and that Appellant's visitation rights needed a tightening of conditions.

The matter of determining the frequency and duration of visits by a divorced parent with his or her children, who have been placed in the custody of another, as well as the limitations and safeguards to be placed upon such visits, is one peculiarly within the discretion of the trial court and is subject to review only on a showing of abuse of discretion. *Hill v. Hill* (Houston 1st Tex.Civ. App. 1966) 404 S.W.2d 641, 643, no writ; *Walker v. Showalter* (Houston 1st Tex.Civ. App. 1973) 503 S.W.2d 624, 626, no writ.

Here, we are of the opinion and hold that there is no abuse of discretion by the trial court shown, and that the limitations and safeguards placed upon Appellant's visitations were reasonable and workable to meet the problems shown by the evidence. We therefore affirm the trial court's judgment.

AFFIRMED.