Betty Carolyn Hendricks SUTTER,
Appellant,

v.

Jerry Wayne HENDRICKS, Appellee.

No. 19634.

Court of Civil Appeals of Texas,
Dallas.

Oct. 31, 1978.

Rehearing Denied Nov. 28, 1978.

James F. Newth, Dallas, for appellant.

Aubyn K. Shettle, Jr., Dallas, for appellee.

GUITTARD, Chief Justice.

Betty Sutter appeals from an order removing her as managing conservator of four children and appointing her former husband, Jerry Hendricks, as managing conservator. The order is based on jury findings that a material change of circumstances has occurred since the divorce decree and that consideration of the best interests of each child requires that Jerry Hendricks be appointed managing conservator. Appellant complains of failure of the judge to instruct the jury in the terms of section 14.08(c)(1) of the Texas Family Code (Vernon Supp.1978) that a material change of circumstances must be such that "the appointment of a new managing conservator would be a positive improvement for the child." We hold that the court's failure to include this element in the charge was prejudicial error. Consequently, we reverse and remand for new trial.

Section 14.08(c) provides:

After a hearing, the court may modify an order or portion of a decree that:

(1) designates a managing conservator *if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified* that the retention of the present managing conservator would be injurious to the welfare of the child and *that the appointment of the new managing conservator would be a positive improvement for the child*;
. . . ." [Emphasis added]

The charge in the present case contains the following instructions:

*Material and Substantial Change in Circumstances*:

A. In connection with your answer to this Issue, you are instructed that a material change of circumstances means a substantial change of circumstances demonstrative of one party's improved condition or fitness as a Managing Conservator, or, on the other hand, any substantial change of circumstances, demonstrative of the fact that one party is less well-fitted or situated as a Managing Conservator, or any substantial change of circumstances affecting the welfare and best interests of the minor child.

B. In connection with the special issues, you are instructed that not every change in condition, occurring since the decree awarding custody of said child was made, justifies or requires the modification or change of the former decree, but that such changed conditions, if any, must be of a material nature and such as would affect the welfare and best interests of said child as his welfare and interests existed at the time of the original decree, and such changed conditions, if any, must be of such a nature that to leave the custody of the child as previously decreed would be detrimental and injurious to the child's welfare.

In her objections to the charge, appellant called the court's attention to section 14.-08(c) and stated:

But the second part of that Statute requires that before a managing conservator—before there can be a change of managing conservator, a jury must find that the new managing conservator would be a positive improvement for the children. Now nowhere in our instructions is there a finding that the new managing conservator would be a positive improvement for the child or children.

Appellee contends that the element of positive improvement was covered by the court's instructions concerning change in circumstances when taken in connection with the rest of the charge, which contained also the following:

The best interests of the child shall always be your primary consideration in answering the Issues, though you shall consider the circumstances of each parent.

We conclude that the element of positive improvement for the children by a change of managing conservatorship is es-

sential to a finding of material change of circumstances and that this element must be brought to the jury's attention affirmatively by an instruction accompanying the change-of-circumstances issue. It is not sufficient to instruct the jury to consider the child's best interests. Neither is it sufficient to instruct that such a change must be one demonstrating that to leave the custody as previously decreed would be detrimental and injurious to the child's welfare. The jury might well believe that to leave custody with the mother would be detrimental, but that a change to the father would be no better. Because a change of custody disrupts the child's living arrangements and the channels of a child's affections, a change should be ordered only when the trial court is convinced that the change would be a positive improvement. *Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787, 790 (1955); *Bush v. Cooley*, 561 S.W.2d 606, 607 (Tex.Civ.App.—Waco 1978, no writ). The movant must establish by a preponderance of the evidence both that retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of a new managing conservator would be a positive improvement. *Thompson v. Uzzell*, 541 S.W.2d 499, 501 (Tex.Civ.App.—Tyler 1976, no writ); *Davis v. Duke*, 537 S.W.2d 519, 521 (Tex.Civ.App.—Austin 1976, no writ). Omission of either element materially reduces the burden on the movant. Consequently, when the change-of-circumstances issue is submitted to a jury, the court must instruct that both of these elements must be established before a "material and substantial change of circumstances" can be found.

Appellee argues that appellant waived its request for a special instruction on this matter because no such instruction was tendered in writing, and, alternatively, that the request was an "omitted issue" which was impliedly found in appellee's favor. He relies on Rule 279, Texas Rules of Civil Procedure, which provides in part:

> Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment.

■ We recognize decisions holding that under Rule 279, if a court wholly fails to give a necessary explanatory instruction, the error is not preserved for appeal by an objection without requesting in writing an instruction in substantially correct wording. *Great American Indemnity Co. v. Sams*, 142 Tex. 121, 176 S.W.2d 312, 314 (1944). Under rule 274, however, an objection is sufficient to call the court's attention to a defective definition or instruction. *Texas Employers' Ins. Ass'n v. Mallard*, 143 Tex. 77, 182 S.W.2d 1000, 1002 (1944). If an instruction is given, but omits one of several necessary elements, it is a defective instruction, and the defect may properly be called to the court's attention by an objection without requesting in writing a revised instruction including the omitted element. *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967); *Yellow Cab and Baggage Company v. Green*, 154 Tex. 330, 277 S.W.2d 92, 93 (1955).

■ Here an explanatory instruction was given concerning the facts necessary to establish a material and substantial change of circumstances, but it was defective in that it did not include the element of positive improvement by a change of managing conservators. This defect was clearly pointed out in appellant's objection. Consequently, we hold that the objection was sufficient.

■ Neither can we uphold the judgment on the ground of an implied finding on an "omitted issue." This question is governed by the last paragraph of rule 279, Texas Rules of Civil Procedure, which in certain cases, creates a presumption that an issue omitted without request or objection has been found in favor of the judgment. This provision is not applicable here because plaintiff did make a sufficient objection. Moreover, the element of positive improvement by a change of conservators was not a matter that would properly be submitted as a special issue, and appellant had no burden to request such an issue. Rather, it was an

element of the change-of-circumstances issue, which should have been included in the instructions accompanying that issue. We cannot presume that the jury impliedly found this element in appellee's favor if it was not included in the instructions accompanying the issue.

Since we hold that the court erred in this respect, we need not consider the sufficiency of the evidence to support the finding of a material change of circumstances, except to say that the testimony tending to show a material change was not compelling and that the evidence would have supported a contrary finding. Consequently, we cannot presume that the jury would have found a material change if a proper instruction had been given.

Reversed and remanded.