Maria QUINTANILLA et al., Appellants,

v.

ESTATE OF Lola Mae TUMA et al., Appellees.

No. 16145.

Court of Civil Appeals of Texas, San Antonio.

March 14, 1979.

Rehearing Denied April 18, 1979.

· James DeAnda, Flores, Sanchez, DeAnda & Vidaurri, McAllen, for appellants.

M. W. Meredith, Jr., William A. Abernethy, Meredith, Donnell & Edmonds, Corpus Christi, for appellees.

## OPINION

MURRAY, Justice.

This is a wrongful death action arising out of a head-on automobile collision. Appellants, Maria Quintanilla, widow of Reynoldo Quintanilla, individually and as his heir, and as next friend of the minors, Reynoldo Quintanilla, Jr., and Renee Quintanilla, brought this suit against the Estate of Lola Mae Tuma, appellee, for damages arising out of an automobile collision between Reynoldo Quintanilla and Lola Mae Tuma. The collision occurred at approximately midnight on May 6, 1972, six miles south of Premont, Texas, on U.S. Highway 281. When the accident was discovered about 12:30 a. m. on May 7, 1972, all occupants of both vehicles were dead.

In response to special issues, the jury found Lola Mae Tuma guilty of negligence which was a proximate cause of the collision in failing to keep her vehicle completely within the right half of the roadway. The jury also found Reynoldo Quintanilla guilty of contributory negligence which was also a proximate cause of the collision in question in failing to keep a proper lookout.

The trial court rendered judgment on the verdict that appellants take nothing,[1] and after their motion for new trial was overruled, appellants duly perfected this appeal. We affirm the judgment of the trial court.

■■■■ Appellants, in points of error one through four, claim that there is no evidence or insufficient evidence to support the jury's finding that Reynoldo Quintanilla failed to keep a proper lookout. In considering appellants' no evidence points, we must view the evidence in a light most favorable in support of the jury findings by considering only the evidence and inferences which support the findings and rejecting the evidence and inferences contrary to the findings. *Rourke v. Garza*, 530 S.W.2d 794 (Tex.1975); *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773 (Tex.1975). In considering appellants' insufficient evidence points, we must consider all of the evidence, and we

may set the verdict aside only if it is so contrary to the overwhelming weight of all the evidence as to be clearly wrong and manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960). After examining all the evidence according to the aforementioned tests, we believe that the trial court acted properly in giving full force and effect to the jury's findings and in entering the take nothing judgment.

The record shows that immediately before the collision Reynoldo Quintanilla was traveling in a northerly direction and Lola Mae Tuma was traveling in a southerly direction on the highway. The highway in question consists of one northbound and one southbound lane each twelve feet in width with an adjoining paved shoulder. At the scene of the accident visibility is unobstructed because the highway is straight and level for some distance both north and south of this point.

Since there were no eyewitnesses to the accident, the only evidence offered on the cause of the accident came from the accident reconstruction experts called by the respective parties and from the investigating police officer.

Mr. James C. Flanagan, an accident reconstruction expert called by appellants, testified that he examined the scene of the collision on June 6, 1972, and found gouges, scratch marks, and fluid spots on the pavement. From this examination and from photographs taken of the scene, he rendered his opinion that on impact the Quintanilla car was in the northbound lane with its left wheels, both front and rear, approximately six feet from the center stripe and its right wheels almost on the shoulder. He believed that the Tuma car was also in the northbound lane, its left wheels eight or nine feet over the center stripe so that the cars overlapped about four feet and came together at a small angle. He stated that at the

---

1. This cause of action arose before the effective date of the Comparative Negligence Act, Tex.

Rev.Civ.Stat.Ann. art. 2212a (Vernon Supp. 1978–1979).

time of impact the two vehicles were each traveling thirty to forty miles per hour.

Mr. Charles Ruble, an accident reconstruction expert, testified for the appellees. Mr. Ruble reviewed the police officer's report and photographs of the scene of the accident and of the automobiles. He visited the scene of the accident approximately six months after the collision. It was Mr. Ruble's opinion that the northbound Quintanilla automobile, which was in the southbound lane, swerved back to the right to regain the northbound lane when the southbound Tuma automobile swerved toward the center line and across which resulted in a collision on the center line.

Mr. Ernest Onderdonk, a Texas Highway Patrolman with considerable experience in accident investigation, was called as a witness by appellee. He testified that when he arrived at the scene at approximately 12:55 a. m., the occupants of both automobiles were dead. Based upon his investigation at the scene, it was his opinion that the point of impact would have been in the southbound lane within a foot or so of the center stripe. Officer Onderdonk further testified that a tire on the Quintanilla vehicle made an arc-shaped swerve mark, which originated in the southbound lane and led northward to the point of initial contact.

■ From the testimony of the three expert witnesses, we cannot say that the jury's finding of improper lookout on the part of Reynoldo Quintanilla is against the great weight and preponderance of the evidence. Although Reynoldo Quintanilla was not required to anticipate negligent and unlawful conduct on the part of others, he was not entitled to close his eyes to that which would have been observed by a person of ordinary prudence in a similar situation. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273 (1958); *De Winnie v. Allen,* 154 Tex. 316, 277 S.W.2d 95 (1955). It is also the rule that "contributory negligence is not established by evidence which is equally consistent with the exercise of the [sic] care by plaintiff, or where the inference of due care is just as reasonable as is the inference of the absence thereof." *Jordan v. City of Lubbock,* 88 S.W.2d 560, 563 (Tex.Civ.App. —Amarillo 1935, writ dism'd).

■ The jury may determine any reasonable inferences that may be drawn from the evidence. In *Lynch v. Ricketts,* the Court stated, "The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it." 158 Tex. at 492, 314 S.W.2d at 276. Under all the testimony, the jury, exercising its power to weigh the evidence, to judge the credibility of the witnesses, and to make corresponding findings, could reasonably believe that Reynoldo Quintanilla was proceeding in the southbound lane and swerved back to the northbound lane immediately before the collision. They could also infer that a reasonably prudent person exercising ordinary care for his own safety and the safety of others using the highway would have seen the oncoming automobile much sooner than he did and would not have ventured into the southbound lane.

Appellants' last point complains of the jury's answers to a special issue inquiring about the reasonable amount of money for funeral and burial expenses. During the trial it was stipulated that if the director of the funeral home were called to testify he would testify that $1,019.29 was a reasonable and necessary charge for funeral and burial expenses. The jury's answer to this question was $510.

Because of the jury's finding of contributory negligence on the part of Reynoldo Quintanilla, the error, if any, of the jury's answer to this issue becomes immaterial. *Erwin v. Guadalupe Valley Electric Co-op,* 505 S.W.2d 353 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.