George S. ORMSBY et ux., Appellants,

v.

The TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Appellee.

No. 6139.

Court of Civil Appeals of Texas, Waco.

June 12, 1980.

Lester R. Buzbee, III, Buzbee & Kleiber, Houston, for appellants.

Bill Payne, Lawrence, Thornton, Payne & Watson, Bryan, for appellee.

OPINION

JAMES, Justice.

This is a suit by homeowners (husband and wife) against an insurance company based upon a hazard insurance policy. Appellants George S. Ormsby and wife sued Appellee Travelers Indemnity Company of Rhode Island to recover on a policy of insurance for damages to a home and its contents by virtue of water damage which resulted after a copper pipe which was connected to a water heater in the home's attic froze and burst. Appellants' theory of recovery was based upon the premise that the bursting of the water line constituted an "explosion." Trial was had to a jury, after which the trial court entered judgment that Appellant-insureds take nothing against the Appellee insurance company. We affirm.

This is the second appeal of this case. The Ormsbys previously appealed from a judgment wherein the trial court had instructed a verdict in favor of the insurance company. *Ormsby v. Travelers Indemnity Co. of Rhode Island* (Waco Tex.Civ.App. 1978) 573 S.W.2d 281, no writ. In the former appeal we reversed and remanded the cause to the trial court for retrial.

At the conclusion of the second trial of this case, the trial court submitted special issues to the jury, Special Issue No. 1 of which was couched in the following language:

"Do you find from a preponderance of the evidence that between December 3, 1973, and January 1, 1974, that there was an opening in the copper water pipe located in the attic of the home of George S. Ormsby at Hilltop Lakes, Texas, that resulted from an explosion?

" 'Explosion' as used in the foregoing Special Issue is defined as that term is commonly understood by ordinary men and may be defined as a sudden accidental violent bursting, breaking, or expansion caused by an internal force or pressure which may be and usually is accompanied by some noise.

"Answer 'we do' or 'we do not'."

To which the jury answered, "we do not." In other words, the jury failed to find that an explosion occurred. The trial court submitted other special issues; however, since these other issues were all submitted conditionally upon a finding in favor of an explosion, none of these issues were answered by the jury.

Appellant comes to this court upon seven points of error which set forth the following contentions: (1) The trial court erred as a matter of law in submitting as an instruction a definition of the term "explosion"; (2) that such definition invades the province of the jury and constitutes a comment on the weight of the evidence; (3) the trial court erred in refusing to submit Appellants' requested instructions; (4) the trial court's instruction was confusing, indefinite and ambiguous; and (5) the trial court erred in denying Appellants the right to attach affidavits of jurors to Appellants' "Motion to Vacate Judgment." We overrule all of Appellants' points of error and affirm the trial court's judgment.

We revert to Appellants' contention that the trial court erred as a matter of law in submitting *any* definition of the term "explosion." Appellants contend that since the term "explosion" has no definite fixed meaning that it was error as a matter of law for the trial court to have submitted any definition of "explosion" at all.

Appellants have not brought forward a statement of facts, with the sole exception of statements made by Appellants' counsel wherein Appellants made objections to the court's charge, plus statements made by Appellee's counsel concerning an agreement between counsel regarding another matter.

■ We have carefully reviewed the objections to the court's charge made by Appellants' counsel as shown by the record before us, and do not find that Appellants ever did document or state this position to the trial court, to wit, that the court should not submit *any* definition of "explosion." Instead, the record shows that Appellants requested their own definition of "explosion" to the trial court with an accompanying instruction. In other words, Appellants are now asserting this point of error, to wit, that the trial court erred in submitting *any* definition of "explosion" to the jury, for the first time on appeal. This being so, Appellants have waived this point of error. Rules 272 and 274, Texas Rules of Civil Procedure; *Missouri Pacific Ry. Co. v. Ramirez* (Waco Tex.Civ.App.1959) 326 S.W.2d 50, NRE, and the cases cited therein on page 56; *Wilson v. City of Port Lavaca* (Corpus Christi Tex.Civ.App.1966) 407 S.W.2d 325, NRE.

Appellants further assert that the trial court's definition of explosion "invades the province of the jury and was a comment on the weight of the evidence," and in addition thereto, that such definition was "confusing, indefinite, and ambiguous." Here again, Appellants' objections to the court's charge did not set forth these objections now made, for which reason these objections are likewise waived. Rules 272, 274, and the cases cited hereinabove. Moreover, without a statement of facts we are in no position to ascertain whether the definition in question constitutes a comment on the weight of the evidence or not.

■ Appellants further argue that the trial court erred in denying Appellants the right to attach affidavits of jurors to Appellants' "Motion to Vacate Judgment." The trial court's judgment was signed by the court on July 24, 1979, and there was no motion for new trial filed within 10 days. On August 13, 1979, Appellants filed their "Motion to Vacate Judgment" and to grant them a new trial, and attached to said original motion the affidavits of six of the jurors, which affidavits in effect stated that if the trial court had given a different definition of "explosion" from the one it did submit, that such jurors would have found that an "explosion" did occur. Appellee's attorney received a copy of this "Motion to Vacate Judgment" on August 14, 1979, which copy of such motion did not contain any juror's affidavit. Appellee was at the same time notified that a hearing would be held on such motion at 1:30 P.M. on August

17, 1979. After receipt of this copy of such motion and notification of such setting, Appellee's counsel received a telephone call from the trial court who told Appellee's attorney that the Appellants insisted upon a hearing on their motion. Appellee's counsel complained that he had never received any copies of the jurors' affidavits. Appellants' lawyer was present before the District Judge while said judge was talking by telephone to Appellee's attorney; and on said occasion, both sides agreed with the trial court that said court would consider Appellants' "Motion to Vacate Judgment" without considering the attached jurors' affidavits. Since Appellants agreed with Appellee that the trial court could overrule said motion without considering such affidavits, Appellants cannot now complain of this action of the trial court for the first time on appeal. Manifestly, Appellants have waived this point of error.

We have carefully considered all of Appellants' points and contentions, and overrule same as being without merit. Judgment of the trial court is accordingly affirmed.

AFFIRMED.