**Erma Jeannette WRIGHT, Appellant,**

v.

**J. L. WRIGHT, Appellee.**

**No. 17756.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 18, 1980.

Rehearing Denied Jan. 2, 1981.

Browne & Moore, John J. Browne, Houston, for appellant.

Logene Foster, Sugar Land, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from an order modifying a prior divorce decree by removing Erma Jeannette Wright as managing conservator of her son, Anthony Raymond Wright, and appointing J. L. Wright as managing conservator. The order was entered in accordance with a jury verdict. The order will be affirmed.

The parties to this appeal were divorced in November, 1974. The petition for a change of custody was filed in May of 1979. At the time this suit was brought Anthony Wright was 12 years of age.

The jury found that there had been a material and substantial change since the time of the former divorce relating to the child or his parents; that the retention of Mrs. Wright as managing conservator of Anthony would be injurious to his welfare; that the appointment of Mr. Wright as managing conservator of the child would be a positive improvement for the child. Mrs. Wright attacks all three jury findings by no evidence and insufficient evidence points.

In considering the no evidence points we must reject all evidence contrary to the jury's findings and consider only the facts and circumstances in evidence which tends to support those findings. *Quintanilla v. Estate of Tuma*, 579 S.W.2d 531 (Tex. Civ.App.—San Antonio 1979, writ ref'd n.r. e.). In our consideration of the insufficient evidence points we must consider all of the evidence, and may set the verdict aside only if it is so contrary to the overwhelming weight of all the evidence as to be clearly wrong and manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Mrs. Wright contends that there is no evidence to support the jury's answer to special issue no. one, wherein it found that the circumstances of the child or a parent have so materially and substantially changed since the entry of the decree to be modified that the retention of Mrs. Wright as managing conservator would be injurious to the welfare of the child, because there was no testimony establishing the circumstances surrounding the parents and the child at the time or prior to the time of the entry of the decree to be modified.

A change in the circumstances surrounding the child and its parents must be shown, but it is not necessary to establish by direct evidence the conditions existing at the time the previous custodial decree was

rendered. This may be done by circumstantial evidence. *T.A.B. v. W.L.B.*, 598 S.W.2d 936 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.) per curiam 605 S.W.2d 695 (1980); *Colbert v. Stokes*, 581 S.W.2d 770 (Tex.Civ. App.—Austin 1979, no writ).

■ There is no definite guide line as to what evidence constitutes a material change of circumstances or conditions that affect the welfare of a child. A determination must be made in each case according to the circumstances as they arise. *Dohrmann v. Chandler*, 435 S.W.2d 232 (Tex.Civ.App.—Corpus Christi 1968, no writ).

This court has previously called attention to the case of *Leonard v. Leonard*, 218 S.W.2d 296, 301 (Tex.Civ.App.—San Antonio 1949, no writ), where the court said:

> Material change of conditions which will require a modification of a decree as to the custody is ordinarily such as (1) marriage of one of the parties. (2) Poisoning of the mind of the child by one of the parties. (3) One of the parties becoming an improper person for the custody. (4) Change in the home surroundings. (5) One of the parties becoming mean to the child, or some other similar change of conditions. (citations omitted).

*Wallace v. Fitch*, 533 S.W.2d 164 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ).

In *Colbert v. Stokes*, 581 S.W.2d 770 (Tex. Civ.App.—Austin 1979, no writ), the court held that the jury could find a substantial change in circumstances based on the mother's unconventional marital life style which began after the divorce. In *T.A.B. v. W.L.B.*, supra at 940, the court considered testimony that prior to the divorce the child was taken to church but that he does not now attend church when he is with his mother as direct evidence bearing on the issue of a material change of circumstances as well as upon the issue of whether the continued custody of the child by the custodial parent was injurious to the child's welfare. The court held that the word "welfare" as used in the family code includes the child's "moral" welfare as well as his physical and emotional welfare.

■ There is evidence that during the five and a half years preceding this suit, the appellant had three different steady boyfriends at different intervals. There is evidence that she shared the same bedroom with each of them on various occasions while Anthony was at the house. She also spent nights away from the house with these men on different occasions while the children remained at home.

After this suit was filed appellant married. There is evidence that this relationship is not stable and that appellant and her husband have had loud arguments during which foul language has been used and mutual physical blows struck in Anthony's presence.

There is evidence that appellant is a very emotional individual who hates her former husband and that this condition has become more intense since the divorce. Appellant has expressed this hatred to Anthony.

There is testimony that appellant failed to provide sufficient supervision of the child, leaving him alone or with his older sisters; leaving town without leaving authority for medical treatment; not knowing his progress in school; and providing him unsuitable clothing. There is also evidence that appellant was unable or unwilling to keep the house clean as it had been kept prior to the divorce.

There is in the record some evidence of probative value to raise a fact issue for the jury's determination on the question of material change in conditions and that such evidence is factually sufficient to support the jury's verdict.

The welfare of a child is comprised of mental, emotional and moral elements. The courts have recognized the importance of providing the best atmosphere as well as affection, care and guidance when considering the issue of whether the retention of the designated managing conservator of a child would be injurious to its welfare. The overall life style to which the child has been subjected in the past years must be considered. *T.A.B. v. W.L.B.*, supra, at 940. There is evidence from which the jury could properly find that continued custody of the

child by the appellant would be injurious to the child's welfare.

■ There is also sufficient evidence of probative force to support a finding that the appointment of Mr. Wright as managing conservator of the child would be a positive improvement for the child. The principal evidence to be considered is that concerning the quality and stability of the home life of the child. The requirement of Section 14.08(c)(1) Tex.Family Code Ann. (Supp.1980) that there must be a positive improvement invites comparison between the environment provided by the mother and the new environment to be provided by the father. *Colbert v. Stokes*, 581 S.W.2d 770 (Tex.Civ.App.—Austin 1979, no writ).

■ Appellant has complained of the trial court's failure to properly instruct the jury in a special instruction on "material and substantial change in circumstances." Appellant now complains that the instruction given by the trial court failed to include the words "and the appointment of a new managing conservator would be a positive improvement for the child." This objection to the charge was not made in the trial court and must be considered waived.

■ Section 14.08(c)(1), Tex.Family Code Ann. (Supp.1980) provides that an order may be modified that:

(1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order of decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new conservator would be a positive improvement for the child; . . .

The trial court submitted the requirements for change of custody in separate issues. The better practice would be to submit the case in the form suggested by the court in *Sutter v. Hendricks*, 575 S.W.2d 308 (Tex. Civ.App.—Dallas 1978, no writ). However, the submission of the case in three separate issues does not constitute reversible error. The jury has found the facts necessary to support its further finding of a material change of circumstances which affected the welfare of the child. The submission required by the case of *Sutter v. Hendricks, supra*, would eliminate the possibility of conflicting findings which would require a mistrial.

The judgment is affirmed.