Candice HOGGE, Appellant,

v.

Nancy KIMBROW, et al., Appellees.

No. 0981005 CV.

Court of Appeals of Texas,
Beaumont.

April 8, 1982.

L. Claiborne Dugas, Orange, for appellant.

Thomas A. Gunn, Joe Alford, Orange, for appellees.

KEITH, Justice.

This is a child custody case in which the trial court maintained the status quo. The natural mother, a possessory conservator, brings five points of error in her appeal.

On June 18, 1976, a decree of divorce was entered dissolving Candice Hogge's marriage to Michael Collings. The maternal grandmother, Nancy Kimbrow, was appointed managing conservator of Christopher Collings, the couple's only child, who was fifteen months old at the time. Being in ill health and involved with drugs, his mother did not contest the arrangement. Having since remarried and improved her way of life, Candice brought her motion to modify, asking a transfer of managing conservatorship from Mrs. Kimbrow to herself.

■ The case went to the jury on three special issues derived from *Tex. Family Code Ann. § 14.08(c)(1) (Supp.1982)*. The jury found in answering Issue Number One that since the time of the divorce decree the circumstances of the child and both his mother and grandmother had materially and substantially changed. Answering Special Issues Two and Three, they found that retaining the grandmother as managing conservator would be injurious to the welfare of the child, but failed to find that transferring management to his mother would be a positive improvement. In her second point of error, Candice argues that Special Issues One and Three were in fatal conflict, causing the court to be in error in granting judgment for Mrs. Kimbrow. As her first point of error, she contends that the court should have disregarded Issue Number Three as immaterial and granted judgment in her favor based on Issues One and Two.

In addressing these arguments, we first look to see whether there is any reasonable basis upon which Issues One and Three can be reconciled. See, *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex.1980). Candice asserts that a material and substantial change in circumstances found on behalf of all three parties requires an implied finding by the jury from the evidence that the circumstances of her son and Mrs. Kimbrow had declined, while her own situation had improved, which conflicted with their failing to find that a transfer of management would be a positive improvement.

Instead of accepting this view, we see the jury as finding that too great a gap still remained between the mother and daughter in the care that each could provide. Stated another way, the parties' downward and upward paths were converging upon each other but had not yet met, with the remaining gap being found in Mrs. Kimbrow's favor. Even accepting that leaving the child with Mrs. Kimbrow would be injurious to his welfare, the extent of injury upon a transfer of management was seen as being just as great.

■ Finding no conflict, we now address the question of the immateriality of Issue Number Three. In disposing of the question, we need only note that a "positive improvement" is one of three equally important prerequisites which must be shown by the movant before the court may effect a change. *Tex. Family Code Ann. § 14.08(c)(1)*; *Neal v. Neal*, 606 S.W.2d 729, 731 (Tex.Civ.App.—Beaumont 1980, writ ref'd n. r. e.); *Sutter v. Hendricks*, 575 S.W.2d 308, 309 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). Candice has attempted to overcome *§ 14.08(c)(1)* by using the presumption that to be raised by his natural parent is in the child's best interests. We note, however, that whatever effect a presumption in favor of a natural parent might have in an original custody action, it cannot control in a subsequent suit to change custody, *Allen v. Salinas*, 483 S.W.2d 289, 292 (Tex.Civ.App.—El Paso 1972, no writ), since it is a matter of public policy that there be

a high degree of stability in a young child's home and surroundings. *Knowles v. Grimes*, 437 S.W.2d 816, 817 (Tex.1969); *Love v. Love*, 461 S.W.2d 437, 438 (Tex.Civ. App.—Waco 1970, writ ref'd n. r. e.).

Because a change of custody disrupts the child's living arrangements and the channels of his affection, a change should be ordered only when the trier of fact is convinced that the change will effect a positive improvement for the child. *Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787, 790 (1955); *Sutter v. Hendricks*, supra; *Bush v. Cooley*, 561 S.W.2d 606, 609 (Tex. Civ.App.—Waco 1978, writ dism'd). The jury here was not so convinced, and probative evidence exists in the record to support this view. Having thus found Issue Number Three to be of significance to the verdict and not in conflict with Issue Number One, we overrule appellant's first and second points of error.

Point of error number three is an assertion that *§ 14.08(c)(1)* provides only for a change of custody involving natural parents, and that Mrs. Kimbrow should not have been allowed to benefit therefrom. Candice raised no such objection to the charge at trial. The respondent has referred us to our opinion in *Jim Austin Olds-Cadillac and Toyota Co. v. Gaspard*, 592 S.W.2d 364 (Tex.Civ.App.—Beaumont 1979, no writ), wherein we reflected upon the penalties for noncompliance with the rules. See also, *City of Wichita Falls v. Ramos*, 596 S.W.2d 654, 658 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n. r. e.), and *Ormsby v. Travelers Indemnity Co. of R. I.*, 601 S.W.2d 779, 780 (Tex.Civ.App.—Waco 1980, no writ). Appellant's third point of error is overruled on these authorities.

As her fourth point of error, Candice contends that the trial court erred in failing to submit her tendered instruction of factors to be considered in determining the best interests of the child. Under *Tex.R. Civ.P. 277*, the trial court has considerable discretion in the submission of definitions and instructions. *Houston Nat. Bank v. Biber*, 613 S.W.2d 771, 775 (Tex.Civ.App.— Houston [14th Dist.] 1981, writ ref'd n. r. e.); *Dorman v. Langlinais*, 592 S.W.2d 650, 652 (Tex.Civ.App.—Beaumont 1979, no writ). We do not believe that the "best interests of the child" is an example of a legal term having a peculiar meaning which is unknown to the layman. We therefore find no abuse of discretion on the trial court's part. See generally, *Lemon v. Walker*, 482 S.W.2d 713, 715–716 (Tex.Civ. App.—Amarillo 1972, no writ); *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93, 102 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.). Appellant's fourth point of error is also overruled.

In her final point of error, Candice faults the court for not allowing the child to be viewed by the jury. A fairly recent picture was furnished them instead. We agree with the respondent that requiring the child's appearance would likely cause the child undue hardship and could be emotionally upsetting in the future. The reasons cited by appellant for requiring his presence are speculative at best and do not outweigh the extreme risk of emotional harm. Although appellant cites *Tex. Family Code Ann. § 14.07(c) (Supp.1982)* for comparison, the statute provides that consultation with a young child is a matter of discretion with the court. Cf., *Matter of Marriage of Stockett*, 570 S.W.2d 151, 153 (Tex.Civ.App.—Amarillo 1978, no writ).[1] Appellant's last point of error is overruled and the trial court's judgment is AFFIRMED.

---

1. No abuse of discretion was found where the trial judge did not want a 5½ year old child thinking consciously or subconsciously that she contributed to the decision of which parent was appointed managing conservator.