**Carolyn F. MATHIS, Appellant,**

v.

**OHIO CASUALTY INSURANCE COMPANY, Appellee.**

**No. 9164.**

Court of Appeals of Texas, Texarkana.

Aug. 9, 1983.

Rehearing Denied Aug. 23, 1983.

E. Ben Franks, Lavender, Rochelle, Barnette, Franks & Arnold, Texarkana, Ark., for appellant.

Robert W. Weber, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

BLEIL, Justice.

Carolyn Mathis appeals from a judgment on a verdict finding temporary total disability in her workers' compensation case. She maintains that the trial court erred in the wording of an instruction concerning the defense of unjustifiable refusal to accept employment. Specifically, she says that the instruction, when read with that of total incapacity, confused the jury and further that insufficient evidence supported the giving of the instruction. We disagree and affirm the trial court's judgment.

The parties agree that the court properly explained the term total incapacity to the jury. Mathis claims, however, that the trial court confused the jury when it further instructed the jury about her refusal to accept employment. In this connection, the court told the jury that,

> "If a party unjustifiably refuses employment, even though such employment is suited to her incapacity or physical

condition, then such party can not be totally incapacitated. A refusal of employment, even though suited to her incapacity or physical condition, is 'justifiable' if a person of ordinary prudence in the same or similar circumstances would have refused such employment."

Mathis asserts that this instruction, when read with the total incapacity instruction, constitutes an "irreconcilable conflict" in the court's charge. In support, Mathis cites as authority the case of *Texas Employers Ins. Ass'n v. Hawkins,* 369 S.W.2d 305 (Tex. 1963). We view this authority, which correctly holds that the definition of total incapacity should not restrict an injured workman to his own experience and condition, as inapposite.

Here the trial court properly instructed on total incapacity then further instructed on the insurer's affirmative defense of unjustifiable refusal of suitable employment as provided in our workers' compensation laws. Tex.Rev.Civ.Stat.Ann. art. 8306, Sec. 12a (Vernon 1967). We find no error nor any irreconcilable conflict in the court's charge as given. And we find sufficient evidentiary support for the instruction. In giving this instruction the court acts within its discretion. *Hogge v. Kimbrow,* 631 S.W.2d 603 (Tex.App.—Beaumont 1982, no writ); *Houston National Bank v. Biber,* 613 S.W.2d 771 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); Tex.R.Civ.P. 277. Moreover, that discretion is considerably greater in the submission of explanatory instructions than it is in the submission of special issues. We find no abuse of discretion on the part of the trial court in the manner of submitting the insurer's affirmative defense of unjustifiable refusal of suitable employment.

We affirm the trial court's judgment on an additional basis. Even if we agreed with Mathis that the court erred in instructing the jury concerning unjustifiable refusal of employment, we would nonetheless affirm because that error would be patently harmless. Tex.R.Civ.P. 434. The jury found in favor of Mathis insofar as these instructions are concerned: an in-structional error on the part of the trial court would not have harmed Mathis because the jury found her injury produced total incapacity.

We affirm the trial court's judgment.