Affirmed and Opinion filed May 2, 2002









Affirmed and Opinion filed May 2, 2002.

 




 
 
 
  
 
 
 




 

 

 

 

 

 

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO.
14-01-00237-CV

____________

 

GEOFFREY A. BRADY, Appellant

 

V.

 

ROBIN
K. BRADY a/k/a ROBIN K. FOX, Appellee

 



 

On
Appeal from the 311th District Court

Harris County, Texas

Trial
Court Cause No. 99-12131

 



 

O
P I N I O N

This
is a relocation case.  Appellant,
Geoffrey A. Brady (ABrady@), appeals the trial court=s imposition, at the request of his former wife, Robin K. Fox (AFox@),
of a domicile restriction requiring their children reside in Harris County,
Texas.  In four points of error, Brady
contends the trial court: (1) was powerless to order a residency restriction
after, as allowed by the parties= final decree of divorce, he and the children had already
moved; (2) violated his constitutional rights and created an ex post facto law;
(3) abused its discretion; and (4) lacked legally and factually sufficient evidence
to support its decision.  We affirm.








Brady
and Fox were married in 1991, had two children, and divorced in Harris County,
Texas, on November 30, 1999.  They were
appointed joint managing conservators of the children, with Brady having the
exclusive right to establish their primary residence. On April 11, 2000, Fox
filed a motion to modify the joint conservatorship.  She requested the trial court give her
primary physical possession of the children and add a geographical restriction
on their residence to the possession order. 
Thereafter, on September 17, 2000, Brady and the children moved to
Maryland.

On
December 22, 2000, the trial court found Athere ha[d] not been enough material changes in the
circumstances of the children or the parties to grant the requested change of
primary custodial parent,@ but that it was in Athe best interest of the children to reside in Harris County,
Texas.@  The trial court thus ordered their return by
March 19, 2001, and compelled their continuing residence in that county until
further order of the court issued.  This
appeal ensued. 

In
his first point of error, Brady contends the trial court was incapable of
imposing a domicile restriction through modification of the joint managing conservatorship. 
Specifically, Brady contends a trial court cannot impose a domicile
restriction after the 
primary custodian has moved with full authority to do so.  We disagree.

In the instant
case, the trial court was permitted to modify the order that set the terms and
conditions for possession of or access to the children or that prescribed the
relative rights and duties of Brady and Fox upon a showing that:

(1)
the circumstances of the child[ren]
or a person affected by the order ha[d] materially and substantially changed
since the date of the rendition of the order;

(2)
the order ha[d] become unworkable or inappropriate
under existing circumstances;

(3)
the [required] notice of change of conservator=s
residence . . . was not given or there was a change in a conservator=s
residence to a place outside this state;








(4)
a conservator ha[d] repeatedly failed to give notice
of an inability to exercise possessory rights; or

(5)
a conservator of the child[ren]
. . . had a significant history of alcohol or drug abuse since the date of the
rendition of the order.

Act of
April 20, 1995, 74th Leg., R.S., ch. 20, 1995 Tex.
Gen. Laws 174B75, repealed by Act of June 16, 2001, 77th Leg., R.S., ch. 1289, ' 12(2), 2001 Tex. Gen. Laws 3111.[1]  The trial court was not, however, restricted
as to the modifications allowedCsave that they be in the best interests of the children and not
constitute abuses of discretion.  See Tex. Fam. Code Ann. '
153.002 (Vernon Supp. 2002) (AThe best interest of the child shall always be the primary
consideration of the court in determining the issues of conservatorship
and possession of and access to the child.@); see also Fair v. Davis, 787 S.W.2d
422, 428B31
(Tex. App.CDallas
1990, no writ) (affirming the modification of an order to eliminate a
visitation period); Billeaud v. Billeaud, 697 S.W.2d 652, 653B55
(Tex. App.CHouston [1st Dist.] 1985, no writ) (upholding the modification
of a divorce decree to prevent the removal of the children from the county,
modify custody, and increase the amount of child support).  Accordingly, we overrule Brady=s
first point of error.








In
his second point of error, Brady contends the domicile restriction violates his
constitutional rights to 
travel and raise his children, and constitutes the equivalent of
an ex post facto law.  We find no merit
to these contentions.

The
right to travel encompasses three different components: the right to enter and
leave another State; the right to be treated as a welcome visitor while
temporarily present in another State; and, for those travelers who elect to
become permanent residents, the right to be treated like citizens of that
State.  Saenz v. Roe, 526 U.S.
489, 490 (1999); see also Lenz v. Lenz, 40 S.W.3d 111, 118 n.3 (Tex. App.CSan Antonio 2000, no pet.). 
In the instant case, the residency restriction applied to the children
in no way affects Brady=s ability to exercise any of these three rights.  See id.  Brady, however, avers that an additional
component should be added such that the right to travel is violated when a conservator
with the exclusive right to determine the primary residence of the children of
a marriage is prevented, at the behest of his joint conservator, from
continuing their children=s residence outside the state in which they resided at the time
of the initial custody determination.  We
decline his invitation.

Similarly,
although we recognize Brady=s constitutional right to generally raise his children as he
sees fit, we decline to fashion a rule that would prevent Fox from exercising
her equal right.  See Troxel v. Granville, 530 U.S. 57, 66 (2000)
(recognizing the fundamental right of parents to make decisions
concerning the care, custody, and control of their children) (emphasis
added).  As Brady correctly asserts, it
is A>not within the province of the state to make  significant decisions concerning the
custody of children merely because it could make a >better=
decision.=@  Id. at 78 (Souter,
J., concurring) (quoting In re Smith, 969 P.2d 21, 31 (Wash. 1998)).  Whereas here, however, two fit parents with
joint conservatorship cannot agree as to the proper
residence of their children, it is certainly within the ambit of the state to
break the deadlock.








Finally,
Brady complains that the imposition of the domicile restriction after he had
moved, as permitted by the possession order, amounts to punishment for doing a
legal act, and thus constitutes an ex post facto law.  Because he has failed to adequately brief
this point of error, Brady has waived appellate consideration.  See Tex.
R. App. P. 38.1(h).  

Under
Texas Rule of Appellate Procedure 38.1(h), Brady must, through his brief,
provide Aa
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.@  Tex. R. App. P.
38.1(h).  In the
instant case, however, Brady provided only bare assertions as to the
constitutional impropriety of the restriction; he neither provided cogent
arguments in their support nor favored us with citations to authorities or the
record.  As a result of such inadequate
briefing, his objections are waived.  See
id.; McIntyre v. Wilson, 50 S.W.3d 674, 682 (Tex. App.CDallas 2001, pet. denied); Sisters of Charity of the
Incarnate Word v. Gobert, 992 S.W.2d 25, 31 (Tex.
App.CHouston
[1st Dist.] 1997, no pet.); Warehouse Partners v. Gardner, 910 S.W.2d
19, 26 (Tex. App.C Dallas 1995, writ denied). 
Accordingly, Brady=s second point of error is overruled.

In
his third point of error, Brady complains that the trial court abused its
discretion, while his fourth point of error alleges that the trial court lacked
legally and factually sufficient evidence to support its decision.  An appeal from a trial court=s
order to modify a decree or order regarding joint conservatorship
is reviewed for abuse of discretion.  In
the Interest of P.M.B., 2 S.W.3d 618, 621 (Tex. App.CHouston
[14th Dist.] 1999, no pet.); Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex.
App.CAustin
1997, no writ).  AUnder
an abuse of discretion standard, legal and factual insufficiency are not
independent grounds for asserting error but are, on the other hand, relevant
factors in assessing whether the trial court abused its discretion.@  Gray v. Gray, 971 S.W.2d 212, 213
(Tex. App.CBeaumont 1998, no pet.); see also Wood v. O=Donnell, 894 S.W.2d 555, 556 (Tex. App.CFort Worth 1995, no writ). 
Therefore, we overrule Brady=s fourth point of error, and consider only whether the trial
court abused its discretion in imposing the domicile restriction.








A
trial court abuses its discretion when it acts in an arbitrary or unreasonable
manner, or when it acts without reference to any guiding rules or
principles.  Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Worford v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990).  The mere
fact that a trial judge may decide a matter within his discretionary authority
in a different manner than an appellate justice in a similar circumstance does
not demonstrate that an abuse of discretion occurred.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985).  An abuse of
discretion does not occur when the trial court bases its decisions on
conflicting evidence.  Davis v. Huey,
571 S.W.2d 859, 862 (Tex. 1978); Gray, 971 S.W.2d
at 214; Valdez v. Valdez, 930 S.W.2d 725, 731 (Tex.
App.CHouston [1st Dist.] 1996, no writ).  Furthermore, an abuse of discretion does not
occur as long as some evidence of a substantive and probative character exists
to support the trial court=s decision.  Id.; Holley
v. Holley, 864 S.W.2d 703, 706 (Tex. App.CHouston [1st Dist.] 1993, writ denied).








In
the instant case, it was undisputed that there had been Aa
change in [Brady=s] residence to a place outside this state.@  Tex. Fam. Code Ann. ' 156.301(3) (Vernon Supp. 2001).  Moreover, it is a matter of public policy
that there be a high degree of stability in young
children=s
homes and surroundings.  Billeaud, 697 S.W.2d at 654 (citing Hogge v. Kimbrow,
631 S.W.2d 603 (Tex.
App.CBeaumont 1982, no
writ)). The trial court had an opportunity to observe and evaluate the witnesses= testimony, and it was the court=s duty to determine the arrangement that would best serve the
children=s
interest.  Id. (citing In re
C.E.B., 604 S.W.2d 436 (Tex.
App.CAmarillo 1980, no
writ)).  Here, the record contains
abundant evidence to support a modification of the original order.  Fox offered evidence showing that after the
original order, the youngest child sustained a traumatic head injury from an
accidental fall.  She also introduced
evidence the child was undergoing medical treatments in Harris County.  Moreover, while she introduced evidence that
both children would benefit from having a closer relationship with their
mother, the younger child=s increased interaction with his mother, in particular, would
be therapeutic.  Finally, Brady
acknowledged that he had transferred jobs, uprooted the children, and moved to
Maryland upon little (if any) notice, to avoid conflict and contact with
Fox.  He further admitted he had no
relatives in Maryland, and the vagaries of his present employment could likely
result in additional relocation and concomitant disruption in the children=s
lives.  Finally, Brady indicated both his
willingness and ability to accede to the trial court=s
order.  Thus we find the trial court did
not abuse its discretion in fashioning the domicile restriction.

Accordingly,
we find no error in the trial court=s modification of the November 30, 1999, decree to impose a
domicile restriction upon the children as set out in its order of December 22,
2000.  Brady=s
third point of error is overruled.

The judgment of the trial court is affirmed.

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Opinion filed May 2,
2002.

Panel consists of Justices Hudson, Fowler,
and Edelman.

Do Not Publish C
Tex. R. App. P. 47.3(b).











[1]  The Texas
Family Code now provides for modification of an order establishing conservatorship or possession and access if it would be in
the best interest of the child and:

(1) the circumstances of the child, a conservator, or other party
affected by the order have materially and substantially changed since the date
of the rendition of the order;

(2) the child is at least 12 years of age and has filed with the court,
in writing, the name of the conservator who is the child=s preference to have the exclusive right to determine
the primary residence of the child; or

(3) the conservator who has the exclusive
right to establish the primary residence of the child has voluntarily
relinquished the primary care and possession of the child to another person for
at least six months.

Tex. Fam.
Code Ann. '
156.101 (Vernon Supp. 2002).  The order with which we are here concerned,
however, issued prior to September 1, 2001, the effective date of this
statutory provision, and thus is governed by the section set forth above.  Id.