**GREEN et al. v. WHITE.**

**No. 4513.**

Court of Civil Appeals of Texas. El Paso.

May 22, 1947.

Rehearing Denied June 12, 1947.

Alex Silverman, of El Paso, for appellants.

R. B. Redic, of El Paso, for appellee.

McGILL, Justice.

This appeal involves the custody of Howard Clark White, Jr., a male child four and one-half years of age at the time of the trial, the son of appellee Howard White and appellant Lenora Pearl Green, who were formerly husband and wife.

The custody of the child was awarded to appellee by a judgment of the 65th Judicial District Court of El Paso County, entered on December 21, 1945, in a suit for divorce instituted by appellant as plaintiff, against appellee as defendant. On November 13, 1946, appellant filed in the original suit an application for change of custody, in which she alleged that since the judgment in the original suit there had taken place a change of conditions which would warrant the court to change the judgment and award custody of the child to her, and she prayed that the judgment as to custody be so changed and modified. Appellee filed no answer to the application, but appeared at the trial. Trial was to the court and judgment rendered that appellant (plaintiff Lenora Pearl Green) take nothing and that the original judgment remain unchanged and in full force and effect. No findings of fact and conclusions of law were requested or filed, but the judgment recites:

"The court is of the opinion and does find that there has not been such change of condition since the entry of the original order of custody above referred to as should require the court to modify or change said order in any way."

By appropriate points appellant complains of the admission of evidence over objection relating to her misconduct prior to the original judgment of December 21, 1945, and contends that the judgment is not supported by a preponderance of the evidence and that the undisputed evidence showed change of conditions since the original judgment of December 21, 1945, and that the best interest of the child would be served by transferring his custody to her, and that the trial court abused his discretion in refusing to award his custody to her since a great preponderance of the evidence showed change of conditions, and that the best interest of the child would be served by such award.

Answering questions propounded to her by the court appellant testified that she had gone to Georgia and left the child with her mother for five or six months. The court then asked her: "You were down there with another man?" To which timely objection was made on the ground that the question related to misconduct previous to the date of the original judgment of December 21, 1945. The objection was overruled and she answered: "I was." There is no evidence of similar misconduct of appellant subsequent to the judgment of December 21, 1945, awarding custody of the child to appellee.

We think the testimony elicited by the court was inadmissible. The rule is

well settled that the character and status of a parent as a proper person to have the custody of a minor awarded to him or her in a suit for divorce is fixed by such award and that in a subsequent proceeding for change of custody proof of misconduct of such parent prior to the rendition of the original judgment is inadmissible except for the purpose of corroborating testimony of subsequent similar misconduct. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 97 Am.St.Rep. 928; Olds v. Burton, Tex.Civ. App., 181 S.W. 2d 118, 119; Conley v. St. Jacques, Tex.Civ.App., 110 S.W.2d 1238, writ dismissed. Appellant has cited no authority, and we have found none authoritatively holding that the status or character of the parent to whom custody was not awarded in a suit for divorce is res adjudicata, and that proof of his or her misconduct prior to the original judgment is inadmissible in a subsequent proceeding for custody. The fitness of such parent for custody may not have been adjudicated since the ultimate issue was which custody would best serve the interest of the child. The award of custody must necessarily include an adjudication that the parent to whom custody was awarded was a fit and suitable person to have such custody, but it does not necessarily adjudicate that the parent to whom custody was not awarded was a fit or unfit person to have such custody. Frequently both parents are suitable persons to have custody of their children but the best interest of the child requires that the award be made to one of them. However, in Wilson v. Elliott, supra [96 Texas 472, 73 S.U. 947], Chief Justice Gaines said:

"The question upon the first trial in a case of a character of this is, which is the more suitable party to be intrusted with the care of the child at that time? The question in the subsequent proceeding is, which is the more suitable at the time of that trial? Since, in determining the second question, the first cannot be agitated, it follows that evidence of prior conduct of *either* party cannot be introduced except to corroborate some evidence of similar conduct which was developed since the original decree." (Emphasis ours)

In that case, as shown by the certificate of the Court of Civil Appeals, both parents introduced testimony concerning the conduct and fitness of each other prior to and since the decree of divorce. The trial court did not consider any of this testimony and the question of its admissibility was not specifically certified or answered; therefore the quoted language is probably dicta; nevertheless it is unequivocal and persuasive, and until the Supreme Court holds otherwise we think binding on this court.

■ Even though the testimony was incompetent and illegal, since the case was tried before the court without a jury, its admission is not cause for reversal if there is sufficient legal testimony to support the court's finding and judgment. Conley v. St. Jacques, supra; Southland Life Ins. Co. v. Greenwade, Tex.Civ.App., 143 S.W. 2d 648, affirmed 138 Tex. 450, 159 S.W.2d 854; Garza v. De Leon, Tex.Civ.App., 193 S. W.2d 844; 4 Tex.Digest, Appeal and Error, ⬅1054, and numerous authorities there collated. The mere fact that improper evidence has been adduced will not require a reversal unless there is some showing that such evidence affected the decision.

■ Lawther Grain Co. v. Winniford, Tex.Com.App., 249 S.W. 195. The only finding made by the court is that above quoted, recited in the judgment. There is no finding that appellant is an unfit or unsuitable person to have the custody of her son. But the trial judge elicited this testimony. Had he not deemed it admissible he would hardly have developed it. The asking of the question by him evidences his belief in its relevancy and his consideration of the answer in arriving at the judgment rendered. It is hardly thought that the trial judge would have subjected this witness to such humiliation unless he believed the testimony adduced was vital to the disposition of the case, and it was his duty to develop it. From these considerations and the record in this case we think it apparent that the trial court was probably influenced by and considered such inadmissible evidence.

We have carefully read and considered the entire statement of facts. It reflects a most heart rending situation—a mother in no way disqualified is denied the custody

of her infant son, the only child she will ever bear. When the original award was made to the father she was in ill health and made her home with her mother in El Paso, Texas. The child was being cared for by her husband's parents, who lived at Como, Texas. The judgment awarding custody to the father recites that the court finds that they " * * * have a fit and suitable home and that the baby is being properly cared for in the present custody." The evidence shows without dispute that since the award appellant's situation has materially changed. Shortly after the divorce she began to regain her health and secured employment with a telephone company with a view, so she testified, of making a home for her son, whose custody she hoped to regain. In June of 1946 she married her present husband. At the time of the trial he was engaged in the wheel alignment and garage business in Amarillo. He had a growing business and was providing a good home for appellant, a home entirely adequate and suitable for the child. He testified that he was willing and anxious to provide for him, should appellant be awarded his custody. Appellant has constantly grieved over her separation from her baby, grieved to such an extent that she could not bear to visit him because of the thought of having to leave him. At the time of the trial the father was living in El Paso. He testified that the child was on the farm with his paternal grandparents and that he had recently bought a 60½ acre farm adjoining his parents' farm and that he intended to go home and live with his son.

The burden was upon appellant to show that conditions had so changed since the original award that the best interest of the child required a change of custody. This was the ultimate issue. While a change in appellant's situation and her great love and longing for her baby are relevant and important facts, and should be seriously considered in adjudicating this issue, they are not controlling.

The trial judge is vested with a sound discretion in cases of this character and his judgment will not be disturbed on appeal unless an abuse thereof appears

from a great preponderance of the evidence. Spell v. Green, Tex.Civ.App., 200 S.W.2d 713, writ refused N.R.E.; Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483, loc. cit. 487 (Pars. 1. and 2), and authorities there cited.

The record in this case, apart from the inadmissible testimony referred to, shows no abuse of discretion, but because of the error of the trial court in eliciting and considering such testimony in arriving at the judgment rendered, the judgment is reversed and the cause remanded.