**Maria ALLEN, Appellant,**

v.

**Roberto Rolando SALINAS, Jr., Appellee.**

No. 6243.

Court of Civil Appeals of Texas, El Paso.

July 5, 1972.

Calhoun & Morton, Ronald R. Calhoun, El Paso, for appellant.

Mitchell Esper, El Paso, for appellee.

## OPINION

WARD, Justice.

This is a change of custody proceeding. On December 16, 1970, the permanent custody of the two year old minor child, Lisa, was granted to her maternal grandmother, Maria Allen, in the final judgment of divorce between her parents. On August 17, 1971, the Court of Domestic Relations of El Paso County, upon a trial without a jury, granted change of custody of the child to her father, Roberto Rolando Salinas, Jr. The judgment of the Court of Domestic Relations is hereby reversed and rendered.

A history of immaturity on the part of the parents of the child is reflected. In July of 1970, by order of the 41st District Court, the temporary custody of the child was granted to Gloria Salinas, the child's mother, after the father had taken the minor child away from her. In December, 1970, an action for contempt was filed against Roberto Rolando Salinas, Jr. to again effect a return of the child. In December, 1970, Roberto Rolando Salinas, Jr. and Gloria Salinas were divorced by final judgment of the 41st District Court and the permanent custody of Lisa Renee Salinas was awarded to the grandmother, Maria Allen. Thereafter, on July 1, 1971, Roberto Rolando Salinas, Jr. came to the home of Maria Allen and again took the child against the expressed desires and wishes of the custodial grandmother, who immediately filed her petition for writ of habeas corpus in the 120th District Court to the end that the custody of the child be again formally affirmed in the custodial grandmother. The hearing on the writ of habeas corpus was then held, the judgment reciting the appearance of Maria Allen and her attorney and of Roberto Rolando Salinas, Jr. and his attorney. The Court having heard the testimony of the parties, granted the writ, ordered that Roberto Rolando Salinas, Jr. discharge the minor, Lisa Renee Salinas, from the illegal confinement,

"and that he forthwith deliver the body of the said LISA RENEE SALINAS to the Petitioner, MARIA ALLEN, and it is the formal judgment of the Court that custody of the minor, LISA RENEE SALINAS, is hereby affirmed by this order in the Petitioner, MARIA ALLEN."

At this time, by judgment entered on July 21, 1971, is the 41st District Court, Roberto Rolando Salinas, Jr. was found guilty of willful contempt of the support order of the divorce decree.

On July 2, 1971, in the Court of Domestic Relations of El Paso County, the present petition for readjudication of custody was filed by Roberto Rolando Salinas, Jr., asserting a material change of circumstances surrounding the custodial grandmother's home and of his own conditions. As stated on August 17, 1971, the judgment of the Court of Domestic Relations was entered, granting the change of custody in favor of Roberto Rolando Salinas, Jr. Thereafter, the following findings of fact were entered in the case by the Court:

"1. I find as a fact that the Plaintiff, ROBERTO ROLANDO SALINAS, JR., is the natural father of the minor in question, LISA RENEE SALINAS.

2. I find that GLORIA SALINAS is the natural mother of the minor child in question, LISA RENEE SALINAS.

3. I find that ROBERTO ROLANDO SALINAS, JR. and GLORIA SALINAS were divorced by a final judgment entered in the 41st Judicial District Court on December 16, 1970 in Cause No. 70–998.

4. I find that the final judgment in said Cause No. 70–998 in the 41st District

Court of El Paso County, Texas, was specifically approved in writing by ROBERTO ROLANDO SALINAS, JR., the natural father of said child, and GLORIA SALINAS, the natural mother of said child.

5. I further find that in said final judgment in Cause No. 70–998 in the 41st Judicial District Court of El Paso County, Texas, that the custody of the minor child in question, LISA RENEE SALINAS, was vested in MARIA ALLEN, the Defendant in this cause, who was found by the 41st Judicial District Court to be the mother of the natural mother of said child, GLORIA SALINAS.

6. I find as a fact that the Plaintiff herein, ROBERTO ROLANDO SALINAS, JR., failed to carry his burden of sustaining the pleadings contained in Paragraph III of his petition for readjudication of custody alleging specific grounds of material change in the circumstances surrounding the Defendant, MARIA ALLEN's, home.

7. I find as a fact that the Plaintiff did carry his burden of sustaining his pleadings contained in Paragraph IV of his petition for readjudication of custody showing a material change in the Plaintiff's circumstances.

8. I find that the Plaintiff herein now has an established home with his family and is gainfully employed.

9. I find that the Plaintiff herein is in good health and that his mother, with whom he resides, is in good health and able to devote her full time and attention to caring for the minor child in question while the Plaintiff herein is employed.

10. I find that the Plaintiff herein, ROBERTO ROLANDO SALINAS, JR., has shown a change in his circumstances demonstrative of his improved condition and fitness as a custodian of his own child.

11. I find that the Defendant, MARIA ALLEN, has failed to prove that the best interest of the child require that its natural father be deprived of its custody.

12. I find that the Defendant, MARIA ALLEN, has failed to prove that the natural father is unfit to have custody or is disqualified to have custody or that the best interest of said child demands that the natural father be deprived of its custody.

13. I find that the rights of the natural mother, GLORIA SALINAS, are not at issue herein for the reason that she is not a party to this proceeding.

14. I find that the Defendant, MARIA ALLEN, during the time that she has had physical custody of the child under the prior judgment of the 41st Judicial District Court on December 16, 1970, has shown a love for the child and has well cared for said child during that period of time, as evidenced by the Plaintiff's own admissions in testimony."

Based upon the findings of fact, the following conclusions of law were made:

"1. As between a minor child's father and its maternal grandparent, the father is entitled to the custody where he has not abandoned and is not unfit to have custody of said minor so long as there are no other extraordinary circumstances requiring that he be deprived of custody.

2. The Plaintiff herein, the natural father of the minor child in question, has made out a prima facie case for custody that has not been refuted by the Defendant, MARIA ALLEN, the natural grandmother, and the natural father, Plaintiff herein, is entitled to custody of such prima

facie case unless the Defendant rebuts such proof.

3. The Defendant, MARIA ALLEN, failed to carry her burden of rebutting the prima facie case proved by the Plaintiff, ROBERTO ROLANDO SALINAS, JR.

4. That the interests of a minor child are best served by an award of its custody to its natural parent. The custody of the minor child, LISA RENEE SALINAS, should be vested in her natural father, ROBERTO ROLANDO SALINAS, JR."

■ The findings and conclusions reveal that the trial Court has determined the instant case on the basis of legal presumptions and burden that have no application to a change of custody situation. In previous Court actions, the care and custody of the child was awarded to the appellant. The difference between a first award of custody and a change of custody becomes important in determining what legal principles control. Clark et ux. v. Chrietzberg et vir., 348 S.W.2d 476 (Tex. Civ.App.—Dallas 1961, writ dism'd). Whatever effect a presumption in favor of a natural parent may have been in an original custody action, it cannot control a suit to change custody. The first judgment at the time it was entered becomes res judicata of the question of the child's best interest and of the custody. It cannot now be questioned that at that time it was to the best interest of the child to award custody to the grandparent. Because a change of custody disrupts the child's living arrangements and the channels of a child's affection a change should be ordered only when the trial Court is convinced the change is to be a positive improvement for the child. Taylor et vir. v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955).

The well established rules have again been summed up by the Supreme Court in Knowles et al. v. Grimes et vir., 437 S.W.2d 816 (Tex.1969):

A final judgment in a custody proceeding is res judicata of the best interest of a minor child as to conditions then existing. Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup.1963); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955); Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, [75 S.W. 368] (1903). There must be a showing of materially changed conditions to authorize a change of custody. Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.1963); Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962). As a matter of public policy, there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions, the disturbing influence of re-litigation should be discouraged."

■ From December 16, 1970, the date of the divorce judgment granting the custody to the grandmother, the only testimony in the record before us favoring the father's position is that at the time of the divorce he was in the Army, that "he was unstable," and that he now lives with his parents and has a job. Admittedly, there has been no change in the status of the custodian and no change in the child's condition. These slight changes of condition on the part of the noncustodian since the original adjudication do not meet the standard of the later Supreme Court cases. Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962); Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.1966); Knowles et al. v. Grimes et vir., supra; Meucci v. Meucci, 457 S.W. 2d 48 (Tex.1970). More important and entirely overlooked is that no evidence is before the Court as to any change of condition from that adjudication of July 8, 1971, by the 120th District Court, reaffirming the custody in the grandmother.

■ Of concern to us has been a motion made by the appellee to dismiss the appeal based on the alleged contemptuous act of the appellant in defying the trial Court's order by refusing to deliver the minor child to the appellee. The motion is supported by affidavits which would justify this

Court in dismissing the appeal. By answer to the motion to dismiss, and amply supported by affidavits, it is made to appear that the child's natural mother, Gloria Salinas, soon after the hearing and before the pronouncement of judgment by the trial Court had taken the child and fled to California without the consent of the appellant. We are in full accord with the principles announced in Hopp et al. v. James, 470 S.W.2d 716 (Tex.Civ.App.—San Antonio 1971, no writ) and will grant no sanction to one who is in an attitude of contempt toward an order entered by the trial Court. However, facts which are the basis of the motion to dismiss are controverted by opposing affidavits of equal acceptance. The movant has failed to discharge the burden of proof and the motion to dismiss is overruled. Payne v. Campbell, 259 S.W. 693 (Tex.Civ.App.—Austin 1924, no writ).

The judgment of the trial Court is reversed and rendered.