Wesley J. MALLOY and Allen M. Malloy, a Partnership known as Del Norte Driving Range, Appellants,

v.

CITY OF EL PASO, Appellee.

No. 6915.

Court of Civil Appeals of Texas, El Paso.

July 2, 1980.

Rehearing Denied July 30, 1980.

Richard Yetter & Associates, P. C., Richard Yetter, El Paso, for appellants.

Ralph Wade Adkins, City Atty., Howell, Fields, Thompson & Fields, Mark F. Howell, El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

Appellants brought this suit against the City of El Paso alleging conversion of their personal property when the City cancelled its lease with Del Norte Golf and Country Club, Inc., of which Appellants were concessionaires. The jury found that no conversion occurred, and a take nothing judgment was entered. We affirm.

On June 10, 1975, the City of El Paso cancelled its lease with the Del Norte Golf

and Country Club, Inc., and took over the property of the Club. At that time, Appellants operated a driving range as a concessionaire of Del Norte Golf and Country Club, Inc., and, by this suit, they maintain that they had certain property on the premises of the golf club which was taken by the City in its lease cancellation operations. We have concluded that the evidence supports the jury's finding that there was no conversion of the Appellants' property under the Court's definition of conversion.

Issue No. 1 was as follows:

Did the City of El Paso, on or about July 10, 1975, acting through its agents, servants, or employees convert the property listed on Plaintiffs' Exhibit No. 1?

To that, the jury answered: "No." The Court's instructions to the jury were:

'Conversion' means unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the same rights by the owner. Under the law, the owner has the election to ask for the property back or ask for damages, if there has been a conversion.

By their Points of Error Number One and Number Two, Appellants assign error in that "The Trial Court erred in granting judgment . . ." in that the answer was against the great weight and preponderance of the evidence, and that (2) there is no evidence upon which the jury could have answered the issue in the negative.

This negative answer is merely a failure or refusal of the jury to find from a preponderance of the evidence that the City converted the Appellants' property. The answer means, in law, that Appellants failed to carry their burden of proving this allegation. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966). The trial court cannot refuse to render judgment on the verdict because of the factual insufficiency of the evidence. *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.*, 462 S.W.2d 276 (Tex.1970); *McDonald v. New York Central Mutual Fire Insurance Company*, 380 S.W.2d 545 (Tex.1964); *Green v. Meadows*,

517 S.W.2d 799 (Tex.Civ.App.—Houston [1st Dist.] 1974), rev'd on other grounds 524 S.W.2d 509 (1975). We can consider only the legal sufficiency of the evidence to support the jury's finding; in determining this question, we must consider the evidence in the light most favorable to the jury's answer and disregard evidence in conflict therewith. *Green v. Meadows*, supra.

On July 10, 1975, an Assistant City Attorney and the Airport Security Chief, with two of his officers, went to the Del Norte golf course and there met with Appellant Malloy and one Metcalfe, and advised them the City Council had cancelled the lease agreement between the City and the Del Norte Golf and Country Club, Inc. Malloy, Metcalfe and another were the principal stockholders in the corporation, which leased the golf course from the City through the Airport Authority. What occurred then is the subject of this lawsuit. It is apparent that Malloy was, on the occasion, in something of a dual capacity as an officer and director of the lessee corporation, which had property on the premises, and, as an individual concessionaire, he and his partner, Appellants here, had their own property used in the operation of the driving range concession. On that occasion, the representatives of the City brought with them a letter from the Mayor Pro Tem addressed to the members and guests of Del Norte Golf and Country Club concerning the cancellation of the lease. This notice was posted on the entrance doors to the clubhouse. Also posted was a letter from the Chief of the Security Police of the Airport, which was prepared under the advice of the City Attorney and instructed the Security Police in the handling of the property on the premises. The locks were changed on property belonging to the Del Norte Golf and Country Club, Inc.; and also posted were the instructions to the Security Officers—that if anyone attempted to remove any item of property, they were to advise that person that a court order forbids removal of any property, and it was provided that "this applies to anything belonging to the Del Norte Golf or [sic] Country Club." Then followed this

instruction: "[I]f the person insists that the items to be removed are his personal property, obtain the person's identification and inventory or list of property being removed, a description and license number of vehicle and where the property is being taken." This was followed by an instruction: "[D]o not attempt to arrest or detain anyone attempting to remove items." The Security Chief testified with no equivocation that his instructions were to secure the property for the owners of the property, whoever the owners might be, and he said: "[T]hey could take anything out so long as we made a note of what it was, . . ." One of the items claimed by Appellants here to have been taken was a tractor. Counsel for Appellants asked the Security Officer:

Q. Well, could somebody walk over there and get on the tractor that was used to pick up the golf balls and drive if off the golf course?

A. So long as my person identified who the person was and got identification from them and where that equipment was going.

Q. Well, maybe I don't get that from your instructions, because it is saying that anything would be taken away, other than what belonged to Del Norte Country Club. How was your guard to determine what belonged to Del Norte Country Club?

A. Once again, they couldn't, but if you'll look a little further there it says that if anything is to be removed, that they would find out and identify the person, identify the equipment, and let them take them and not try to stop them or detain them. . . .

That is uncontroverted evidence as to Appellants' own property being available to them.

■ Appellants cite numerous cases on conversion in which the definition differs from that one given to the jury here, but they have no application in this case. Jury findings here complained of are under the definition by which the jury was instructed as to the meaning of conversion. In support of the jury's finding there is no evidence of "unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the same rights by the owner," and, viewing Point of Error Number Two in the light which we must, *Green v. Meadows, supra; In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); and *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974), we conclude that it must be overruled. It should also be noted that Issue No. 1 inquired as to conversion of "the property listed on Plaintiffs' Exhibit No. 1." Such exhibit does not appear in the record.

■ We overrule Appellants' point of error that the trial Court erred in not granting their motion for judgment notwithstanding the verdict. A judgment notwithstanding the verdict is available only when a directed verdict would be proper. Rule 301, Tex.R.Civ.P. And the trial court may not properly disregard a jury's negative finding on a special issue, and substitute its own affirmative finding, unless the evidence conclusively establishes such an affirmative finding. *Brownsville & Matamoros Bridge Company v. Null*, 578 S.W.2d 774 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e).

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.