Weldon Wayne YANCEY, et al., Appellants,

v.

Johnny KOONCE and Della Koonce, Appellees.

No. 7114.

Court of Appeals of Texas, El Paso.

Jan. 5, 1983.

Appellants' Rehearing Denied Feb. 2, 1983.

**862**

Don Studdard, Studdard, Melby, Schwartz, Crowson & Parrish, El Paso, for appellants.

David R. McClure, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is a child custody case which arose after the natural mother, as the Managing Conservator of the child, consented to the modification. Three parties, the Appellant father, the Appellant paternal grandparents and the Appellee maternal grandparents, all sought custody of the child. Trial was to the jury on the one issue as to whom should be appointed Managing Conservator, and the jury selected the maternal grandparents. We affirm.

Brandon, the subject of this suit, was born May 23, 1978. He had come to live in El Paso in the home of the Appellees Johnny and Della Koonce, the maternal grandparents, in February of 1979. He was nine months old at the time. His mother and father were moving to Houston and he was left with the Appellees. In April of 1979, the child's mother, Sharyn, joined the Appellees because she and her husband, Weldon Wayne Yancey, were having marital difficulties. Sharyn and Weldon were divorced on June 29, 1979, in El Paso, with Sharyn being appointed Managing Conservator of the child. Sharyn continued to live with the child and Appellees until November of 1979 when she remarried and moved to Georgia 'with her new husband, leaving Brandon with her parents. In December, 1979, the Appellees filed the present action against the child's father, Weldon, seeking custody of the child. A temporary order was entered on the February 19, 1980, hearing, giving the maternal grandparents temporary custody. Thereafter, the paternal grandparents, Max and Helen Yancey of Wichita Falls, intervened to request custody in the event Weldon was not awarded custody. At the time of the trial, the child was two years, four months old, and by that time had lived continuously with the Appellees for a period of one year, eight months.

Since all parties agreed that the retention of the present Managing Conservator would be injurious to the welfare of the child and that the appointment of a new conservator would be a positive improvement, only the one issue of who should be appointed Managing Conservator was submitted to the jury. The special issue submitted to the jury read as follows:

> Which party do you find from a preponderance of the evidence should be named Managing Conservator of the child, Brandon Barrett Yancey?
>
> Answer: The "father (Weldon Yancey)," the "paternal grandparents (Mr. and Mrs. Yancey)" or the "maternal grandparents (Mr. & Mrs. Koonce)".

The answer of the jury was the "maternal grandparents (Mr. & Mrs. Koonce)." Contained in the charge was the following instruction:

> A parent shall be appointed managing conservator of the child unless it is shown by a preponderance of the evidence that it is in the best interest of the child that a third party be appointed instead of a natural parent.

■ The Appellants' first point presents the most difficult problem in this appeal. It is to the effect that the submission of the special issue was erroneous, as the issue improperly placed an equal burden of proof in determining the appointment of the Managing Conservator as between the father of the child and the two sets of grandparents. The issue submitted by the court is a disjunctive submission with the burden of proof framed within the issue and the result is that it places the burden of proof equally between a finding in favor of the father or the grandparents.

Section 14.01(b), Tex.Fam.Code Ann. (Vernon 1975), provides that a parent shall be appointed managing conservator of the child unless the court finds that appointment of the parent would not be in the best interest of the child.

Thus, this law places the burden on the third party seeking custody to obtain a finding "that appointment of the parent would not be in the best interest of the child." Case law is to the same effect. *Herrera v. Herrera,* 409 S.W.2d 395 (Tex. 1966); *De la Hoya v. Saldivar,* 513 S.W.2d 259 (Tex.Civ.App.—El Paso 1974, no writ); *Interest of Barrera,* 531 S.W.2d 908 (Tex. Civ.App.—Amarillo 1975, no writ); *Sisk v. Duck,* 593 S.W.2d 416 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The complaints made by the Appellants are justified if the special issue is looked at alone. However, the validity of an objection to any portion of the charge requires an examination of the charge in its entirety. *Briseno v. Martin,* 561 S.W.2d 794 (Tex.1977). The instruction placing the burden of proof was given pursuant to Rule 277, Tex.R.Civ.P., and was correct. We are of the opinion that since there was only one special issue submitted in regard to the custody of the child, the jury could not have been misled. Further, we hold from our examination of the entire charge and the record as a whole that reversible error is not shown by the Appellants' first point of error. Rule 434, Tex.R.Civ.P.; *Walker v. Eason,* 643 S.W.2d 390 (Tex.1982).

■ The second point of error complains that the trial court erred during the trial by making a prejudicial statement of the law, which statement tended to discredit a witness and prejudiced her testimony in the minds of the jury. Myrtie Porter was a social worker employed by the Texas Department of Human Resources and worked in the Harris County Child Welfare office. She prepared a social study as requested by the court which related to the Appellant Weldon Yancey. She was called to testify by the Appellants, and testified that the Department of Human Resources felt "that when the natural parent can provide a suitable placement, that this is preferable for a child." The court commented with the re-

mark "[j]ust a minute. That's not the law." The Appellants did not object to the court's remark. Objection to improper comment on the part of the court in the trial of a case generally must be made at the time of the occurrence if the error is to be preserved for appellate review. The comment could have been rendered harmless by a proper instruction. *State v. Wilemon,* 393 S.W.2d 816 (Tex.1965). The point is overruled.

■ The third point of error charges that the trial court erred in sustaining the maternal grandparents' motion in limine. This prohibited the Appellants from introducing evidence relating to the alleged bad moral character of the Appellees' son. At the time of the trial, their son Kenneth Koonce lived with his parents and occasionally babysat for Brandon. At the trial, the Appellants attempted to introduce this evidence and, upon being refused, offered a bill of exceptions. The Appellants wanted to offer evidence that Kenny Koonce, who was twenty-four, played hooky and received poor conduct grades in high school. They also wanted to show that Kenny was arrested two or three times for drunkenness when he was about twenty years old and was also arrested for impersonating an officer, although the last charge was dismissed and the record expunged. Granted that some leniency must be granted in child custody cases, we cannot say that the court was in error in refusing the tendered testimony. The tendered evidence referred solely to a problem which Kenny Koonce had a number of years ago in high school, and the problem was by no means serious or habitual. The witness specifically denied that Kenny Koonce had ever had a drinking or a drug problem and there is no evidence to the contrary appearing in the bill of exceptions. As to arrests, the arrests were years old and Kenny Koonce had never been convicted of any of those charges. We hold that the trial judge properly exercised his discretion and that no error is reflected. The point is overruled.

■ Appellants' fourth point of error is to the effect that the trial court erred in

overruling the father's motion for instructed verdict and motion to disregard the finding on the special issue for the reason that there was no probative evidence and insufficient evidence to deprive the parent of custody of his child. We treat this point as only presenting a legal "no evidence" point, even though "insufficient evidence" language is used. *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.,* 462 S.W.2d 276 (Tex.1970); *Malloy v. City of El Paso,* 602 S.W.2d 383 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.). Therefore, this Court will review only that evidence in the light most favorable to the jury's answer and disregard the evidence in conflict therewith. In this connection, it is also the Appellants' contention that the maternal grandparents had to prove that the natural father was unfit and that the court must as a matter of law award custody to the father if he is a fit and proper person. The Appellants rely upon *Guillott v. Gentle,* 467 S.W.2d 521 (Tex.Civ.App.—Eastland 1971, writ ref'd n.r.e.). That case, however, was decided before the Family Code was enacted. Since that time, the emphasis has shifted. *See:* Section 14.01(b), Tex.Fam. Code Ann. (Vernon 1975). The best interest of the child is the only consideration. Nothing in Section 14.01 requires a third party to prove a parent unfit before the third party can be appointed managing conservator.

Considering the evidence favorable to the verdict, we find that the child was nine months old when he came to live with the Appellees and two years and four months old on the date of trial. The Appellees testified that from the time the child came to stay with them until the date of trial, even during the time that the child's mother was living in the home with them, the Appellees and not the mother had taken care of all of the child's needs; that they filed for custody in December, 1979, because of their concern for the child; the reason they moved to a larger apartment was so that the child would have a safe place to play and they hired a maid whose primary duty was to take care of Brandon while the Appellees were at work; that the Appellees loved the child as a son and considered him

their son; that they were financially able to care for him; and that all of the Appellees' spare time was built around Brandon. Appellee Johnny Koonce testified regarding the Appellants' previous lack of interest and concern for the child. His testimony was to the effect that the Appellants sent no gifts to the child between February, 1979, and February, 1980, not even for the child's birthday or for Christmas and that the first time the Appellant father ever sent any type of present to the child was after he filed his cross-action for custody in February of 1980; that between February, 1979, and February of 1980, the Appellant father had visited only three times with the child; and that from February of 1979 to the trial in September, 1980, the Appellant never called the Appellees to check on the child's welfare. There was testimony that when the child returned from his monthly weekend visits with the Appellant he cries, he doesn't sleep well and he will not let Appellees out of his sight. Other evidence showed that both Johnny and Della Koonce were in their mid-forties, that although they work during the day Brandon is adequately cared for by the maid or a neighbor or by the Koonce's son; that the Appellees love and care for their grandson and are financially able to care for him, and their home is a suitable environment for the child. The child is very attached to his grandmother and there was testimony to the effect that it would be traumatic for Brandon to be moved from their home. From the above, we find that there was evidence of probative force from which reasonable minds might have come to the same conclusion as the jury and there was evidence to support the finding of the jury. The fourth point is overruled.

■ Appellants' final point of error alleges that the trial court erred in awarding attorney's fees against the paternal grandparents since there was no duty for support or to provide necessities on the part of those grandparents. The paternal grandparents intervened in this suit to request custody of Brandon in the event the Appellant did not win custody, and the judgment awarded attorney's fees against

both Weldon and his parents. Title II of the Tex.Fam.Code became effective on January 1, 1974, and governs all suits affecting the parent-child relationship. Section 11.-18(a) of the Code provides:

> In any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

An award of attorney's fees under this section is discretionary with the court. The section does not limit the award of attorney's fees to one who is obligated to furnish support.

Rule 131, Tex.R.Civ.P., provides as follows:

> The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.

Appellees were the successful parties in this case, and the court did not abuse its discretion in awarding attorney's fees against both Appellant father and the paternal grandparents. The last point is overruled.

The judgment of the trial court is affirmed.